UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL E. ABATE, JR., et al.,

Plaintiffs,

-against-

CITY OF NEW YORK; FIRE DEPARTMENT OF THE CITY OF NEW YORK; and JOHN DOES 1-10, the names being fictitious and presently unknown, all of whom are named individually and in their capacity as agents and/or employees of the City of New York,

Defendants.



Docket No.: 07 CIV. 0612 (CS)(GAY)

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF COLLECTIVE ACTION SETTLEMENT

IT IS ON THIS 13th DAY OF December, 2010 HEREBY ORDERED AS FOLLOWS:

1. Defendants the City of New York and the Fire Department of the City of New York ("FDNY") (collectively "Defendants") and Plaintiffs (collectively "the Parties") have settled this wage and hour collective action providing for monetary relief of $490,074.00.

2. The settlement resolves the claims of Plaintiffs as well as those of individuals who are not named in Plaintiffs' Complaint but who are similarly-situated to Plaintiffs for the purposes of this settlement only and who have consented to join this action (collectively "Collective Action Members"). Collective Action Members are former and current employees of Defendants who work or worked as Emergency Medical Services ("EMS") Lieutenants and Captains.

3. On January 26, 2007, Plaintiffs filed a Complaint, styled as a collective action, against Defendants in the Southern District of New York. The Complaint alleges causes of action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207 *et seq.*

4. Plaintiffs allege that Defendants violated the FLSA by failing to pay overtime premium pay for the hours worked over 40 in a workweek.

5. Defendants allege that Plaintiffs are executives and/or administrators exempt from the overtime requirements of the FLSA; this Action should be stayed and Plaintiffs compelled to pursue dispute resolution in accordance with their collective bargaining agreement; and, that this Action should be decertified and Plaintiffs compelled to pursue their claims individually. Defendants' defenses are set forth in their motion for summary judgment referenced above.

6. The Parties engaged in substantial discovery and litigation before agreeing to resolve this case.

7. Counsel for the Parties engaged in private settlement discussions to resolve this Action.

8. The Parties negotiated a formal Settlement Agreement, which they filed with the Court on March 24, 2010.

9. On May 18, 2010, this Court took the first step in the settlement approval process by granting preliminary approval of the settlement, directing that the Notice of Pendency of Collective Action and Proposed Settlement be served on Collective Action Members, and setting the date for the final fairness hearing.

10. On May 24, 2010, Defendants' counsel mailed the Notice, enclosing the Collective Action Member Consent and Verification Form ("Consent Form"), to Collective Action Members. Under the initial terms of the Notice, Collective Action Members had 45 days to opt into the settlement by returning executed Consent Forms – postmarked by July 8, 2010 – to Defendants' counsel.

11. On August 5, 2010, the Court approved service of a Supplemental Notice of Pendency of Collective Action and Proposed Settlement ("Supplemental Notice") on those eligible Collective Action Members who failed to opt into the settlement within the original consent period, which afforded those individuals 30 days from the mailing of such Supplemental Notice to opt in.

12. On September 30, 2010, the Court entered an Order extending the time for eligible Collective Action Members to opt into the settlement through October 29, 2010.

13. Under the terms of the settlement, at least 75 percent of the Collective Action Members eligible to participate in the settlement had to opt into the settlement in order to effectuate the parties' agreement. That 75 percent threshold has been reached.

14. Defendant received one objection to the settlement by an eligible Collective Action Member.

15. A fairness hearing was held on November 17, 2010.

16. No eligible Collective Action Members or Collective Action Members appeared at the fairness hearing to voice their objections to the settlement.

17. The Parties have now filed a Joint Motion for Final Approval of the Collective Action Settlement.

A. **The Settlement Terms.**

18. The Settlement Agreement provides for all Collective Action Members to receive payments according to a specified formula. The Settlement Amount less attorneys' fees in the amount of $175,000.00 and costs in the amount of $15,074.00, or $300,000.00 (the "Net Settlement Amount"), will be divided by the total number of workweeks worked by all Collective Action Members during the Collective Action Period; this will yield the amount to be paid to each Collective Action Member for each week worked (the "Workweek Amount"). Each

3

Collective Action Member's gross share of the Net Settlement Amount then will be calculated by multiplying the Workweek Amount by the number of workweeks each Collective Action Member was in the appropriate title(s) during the Collective Action Period, according to Defendants' records.

19. All Settlement Payments will be allocated to each Collective Action Member as follows: (1) 50% wages; and (2) 50% interest and liquidated damages. Appropriate federal, state and local withholding taxes will be taken out of the wage allocations, and each Collective Action Member will receive an IRS Form W-2 with respect to this portion of the Settlement Payment. With respect to any Plaintiffs who are subject to outstanding liens (including but not limited to child support obligations), Defendants shall subtract the amount of such liens from that portion of each affected individual's Settlement Payment allocated to liquidated damages. Required IRS Form 1099s will be issued by Defendants to each Collective Action Member reflecting the payments for liquidated damages and interest.

20. The Settlement Agreement provides that every eligible individual who timely executes and mails a Collective Action Member Consent and Verification Form releases his or her FLSA claims.

**B. Attorneys' Fees and Litigation Costs.**

21. The Parties have agreed that Plaintiffs' counsel will receive $175,000.00 of the Settlement Amount to compensate them for attorneys' fees and $15,074.00 of the Settlement Amount to compensate them for costs.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

22. Final approval of the Collective Action Settlement is granted.

23. The terms of the settlement are fair, reasonable, adequate, and not a product of collusion.

24. The settlement constitutes a reasonable compromise of disputed issues which was reached as a result of contested litigation to resolve *bona fide* disputes.

25. If no party appeals this Order, the "Effective Date" of the settlement will be 30 days after the Court enters the Order Granting Final Approval of the Collective Action Settlement.

26. If a party appeals the Court's Order, the Effective Date of Settlement shall be the day after all appeals are finally resolved.

27. Defendants will disburse the settlement checks to Collective Action Members and Collective Action Counsel's attorneys' fees and costs to Collective Action Counsel within 90 days of the Effective Date.

28. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

29. This Action is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Collective Action Members to interpret and enforce the terms, condition and obligation of this Settlement Agreement.

SO ORDERED:

*/s/ George A. Yanthis/*

HONORABLE GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE

DATED: December 13, 2010

4810-7350-9128, v. 1